IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID LOPEZ,

                     Plaintiff,

    v.

WISCONSIN DEPARTMENT OF
HEALTH SERVICES, JENNIFER JIRSCHELE
and CHERYL K. JOHNSON,

                     Defendants.

OPINION AND ORDER

16-cv-500-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff David Lopez filed this civil action against his former employer, Wisconsin Department of Health Services, and two supervisors, contending that he was harassed and discriminated against at work, constructively terminated and then actually terminated because of his Hispanic race, Puerto Rican national origin, brown skin and opposition to unlawful discriminatory practices. Plaintiff relies on 42 U.S.C. § 1981, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as the legal bases for his claims. Now before the court is a motion to dismiss some of plaintiff's claims. Dkt. #13. For the reasons set out below, I am granting the motion to dismiss plaintiff's equal protection claim against the Department of Health Services and his claim brought under 42 U.S.C. § 1981. I am denying the motion to dismiss his equal protection claim based on allegations of retaliation.

1

OPINION

Defendants have moved to dismiss plaintiff's (1) equal protection claim against the Department of Health Services; (2) retaliation claims based on the equal protection clause; and (3) claims under 42 U.S.C. § 1981. Plaintiff concedes that he cannot bring an equal protection claim against the Department, so I will dismiss that claim. Plaintiff also concedes that § 1981 does not create a private right of action against government actions, Campbell v. Forest Preserve District of Cook County, Illinois, 752 F.3d 665, 671 (7th Cir. 2014), but argues that he can enforce his § 1981 rights via § 1983. Plaintiff is correct. Goldberg v. 401 N. Wabash Venture LLC, 755 F.3d 456, 467 (7th Cir. 2014) (noting that "the prohibitions in 42 U.S.C. § 1981 are enforced against state actors by suits under section 1983, because section 1981 does not provide remedies against state actors for violation of its prohibitions"). Therefore, I will dismiss plaintiff's independent § 1981 claims. Plaintiff may proceed with his § 1983 claims.

This leaves defendants' argument that plaintiff cannot bring a retaliation claim based on the equal protection clause. Defendants rely on Grossbaum v. Indianapolis–Marion County Building Authority, 100 F.3d 1287, 1296 n. 8 (7th Cir. 1996), in which the court of appeals stated, in a footnote contained in a discussion about First Amendment retaliation, that the equal protection clause "does not establish a general right to be free from retaliation." They also cite Boyd v. Illinois State Police, 384 F.3d 888, 898 (7th Cir. 2004), in which the court of appeals affirmed judgment in favor of the defendant on a retaliation claim brought under the equal protection clause. In Boyd, the plaintiff brought an equal

2

protection claim against his employer for withholding a raise because the plaintiff was suing the employer for Title VII violations. Boyd, 384 F.3d at 898. The plaintiff had not asserted that his employer "retaliated against him on the basis of a protected trait or because of his membership in a particular class, but only because of his participation in [the] litigation." Id. The court of appeals held that the retaliation claim could be brought under Title VII or the First Amendment but not under the equal protection clause. Id.

Recently, the court of appeals cautioned against reading Grossbaum and Boyd too broadly. In Locke v. Haessig, 788 F.3d 662, 664-65 (7th Cir. 2015), a parolee brought an equal protection claim against his parole officer's supervisor, contending that the supervisor failed to intervene or investigate his complaints that his parole officer was sexually harassing him and threatened to retaliate against him for complaining. The defendant relied on Boyd, and argued that the plaintiff could not bring an equal protection claim based on allegations of retaliation. Id. at 672. The court of appeals disagreed, explaining that unlike the plaintiff in Boyd, Locke had alleged that the supervisor "retaliated against him because of a protected characteristic, his sex." Id. The court concluded that a "reasonable jury could conclude . . . that [defendant] responded to [plaintiff's] complaint with irritation and told him he would remain on an ankle monitor because of his sex—because he was a man rather than a woman complaining of sexual harassment." Id. (citing Jackson v. Birmingham Board of Education, 544 U.S. 167, 173-174 (2005) ("[R]etaliation is discrimination 'on the basis of sex' because it is an intentional response to the nature of the complaint: an allegation of sex discrimination.")). The court went on to explain that the plaintiff could "submit his

3

evidence to a jury and c[ould] prevail if he c[ould] convince the jury that [the defendant] treated [his] complaint differently because he was a man complaining of sexual harassment." Id. at 672.

Subsequently, in Hughes v. Farris, 809 F.3d 330, 334 (7th Cir. 2015), the court of appeals relied on Locke to conclude that a detainee had stated a claim under the equal protection clause based on allegations that a facility director retaliated against him in response to his complaints about an employee's abuse. Specifically, the plaintiff alleged that after he complained about an employee's anti-gay slurs, the director had suspended the plaintiff from vocational training. The court stated that these allegations of retaliation "suffice[] to describe another violation of his equal protection rights." Id. at 334.

In the instant case, plaintiff alleges that defendants discriminated and retaliated against him in violation of the equal protection clause when he was "given a bad evaluation and relieved of his most significant duties, and then suspended, disciplined, constructively discharged and, finally, medically separated from his employment." Plt.'s Am. Cpt., dkt. #12, ¶ 504-05. These claims are similar to the claims on which plaintiffs were permitted to proceed in Locke and Hughes. In particular, plaintiff alleges that he was treated differently and subject to retaliation because of his race, color, national origin and complaints of discrimination. Therefore, at this stage, these allegations are sufficient to state a claim under the equal protection clause.

ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Wisconsin Department of Health Services, Jennifer Jirschele and Cheryl K. Johnson, dkt, #13, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to plaintiff David Lopez's equal protection claim against the Wisconsin Department of Health Services and plaintiff's independent claim brought under 42 U.S.C. § 1981, and those claims are DISMISSED. The motion is DENIED in all other respects.

Entered this 9th day of November 2017.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge